UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| K.C., a child, by her parents and next friends, CHARLES AND HEATHER C., <br><br> *Plaintiffs* <br> v. <br><br> LAPORTE COMMUNITY SCHOOL CORPORATION, et al., <br><br> *Defendants* | Cause No. 3:18-CV-499 RLM-MGG |

OPINION AND ORDER

K.C. and her parents brought suit under 42 U.S.C. § 1983, the Americans with Disabilities Act, the Rehabilitation Act, and Indiana law against the LaPorte Community School Corporation, South LaPorte County Special Education Cooperative, and various individuals associated with those entities after K.C. (who has been diagnosed with autism spectrum disorder) was allegedly seized and restrained in a chair by employees of the Kingsford Heights Elementary School. The defendants' motion for partial dismissal under Fed. R. Civ. P. 12(b)(6) is before the court. For the following reasons, the court grants the motion.

Detailed factual allegations aren't required to meet the notice pleading requirements of Rule 8(a). To survive a motion to dismiss under Rule 12(b), the factual allegations in the complaint must "state a claim to relief that is plausible on its face" – one that "raise[s] a right to relief above the speculative level", "allows

the court to draw the reasonable inference that the defendant is liable for the misconduct alleged", and gives the defendant fair notice of the claims being asserted and the grounds upon which they rest. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). "A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.' " Ashcroft v. Igbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. v, Twombly, 550 U.S. at 555). In determining whether the claims asserted are plausible, the court construes the complaint in the light most favorable to the plaintiffs, accepts all well-pleaded facts as true, draws all reasonable inferences in the plaintiff's favor, Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Anicich v. Home Depot U.S.A., Inc., 852 F.3d 643, 648 (7th Cir. 2017).

The defendants seek dismissal of the federal claims asserted against five of the eight individual defendants (Paula Nichols, Rebecca Jeffers, Marcia Alexander, Natasha Henry and Terry Malstaff) and the ADA and Rehabiliation claims asserted against the LaPorte Community School Corporation and the South LaPorte County Special Education Cooperative.[1] The plaintiffs limited their response to the claims against Ms. Nichols, Ms. Jeffers, Ms. Alexander (whom they collectively refer to as "school district administration") and the public entities, and didn't address the

---

[1] The defendants motion indicates that they are seeking dismissal with respect to "all claims" against Nichols, Jeffers, and Alexander, but their brief in support only addresses the federal claims, and makes no reference to the state law claims asserted against Ms. Alexander.

2

alleged deficiencies with respect to the claims asserted against Natasha Henry, an administrative assistant at the school, and Terry Malstaff, who allegedly constructed the chair, effectively abandoning those claims. *See* Alioto v. Town of Lisbon, 651 F.3d 715, 721 (7th Cir. 2011); Lekas v. Briley, 405 F.3d 602, 614 (7th Cir. 2005); Farnham v. Windle, 918 F.2d 47, 51 (7th Cir. 1990).

The plaintiffs concede in their response that the ADA and Rehabilitation Act claims against Ms. Nichols, Ms. Jeffers, and Ms. Alexander should be dismissed, *see* Brewer v. Wis. Bd. of Bar Examiners, 270 Fed. Appx. 418, 421 (7th Cir. 2008), but maintain that the facts alleged in the complaint – specifically paragraphs 8, 72, 75-76, and 100 – state a cause of action against them under § 1983.

The complaint identifies Paula Nichols and Rebecca Jeffers as the Director and Supervisor of the South LaPorte County Special Education Cooperative (which is responsible "for providing special education and related services to participating schools and school districts") and alleges that they were "responsible for hiring, supervising, and training staff, carrying out the policies of the District and the State of Indiana's Department of Education, and ensuring compliance with federal and state law," and "took a direct role in making decisions regarding the delivery of special education services to K.C.." (Cmplt. ¶¶ 20-22). Marcia Alexander was the Principal of Kingsford Heights Elementary School, and shared the same responsibilities as Ms. Nichols and Ms. Jeffers. (Cmplt. ¶ 23).

The plaintiffs alleges that K.C.'s teacher, Jennifer Oberle, and paraprofessionals Teresa Vinson and Katrina Magill, "regularly seized K.C. and forcibly confined her in the restraint chair...for extended periods of time over a period of at least five days"; that her father discovered the chair "on or about September 21, 2017; and that "the District [identified in the complaint as the LaPorte Community School Corporation] actively conspired to conceal its use of the restraint chair by preventing K.C.'s father from entering the classroom before that. (Cmplt. ¶¶ 6-9). They also contend that:

8. K.C.'s restraint and confinement were not simply the actions of rogue employees. Rather, the administration of the school–whose office was directly across form K.C.'s classroom–approved of the abuse and took an active role in its furtherance by permitting the chair to be brought into the classroom and used.

\* \* \*

72. The use of the [chair] was approved by...Defendants Alexander, Oberle, Jeffers, Vinson and Magill.

\* \* \*

75. After the restraint [chair] was discovered, K.C.'s parents asked the School to hold an emergency meeting. A meeting between the parents and School staff, including Defendants Oberle, Jeffers, Nichols, and Alexander was held at the School on or about September 29, 2017.

76. At the meeting, K.C.'s father asked why he and his spouse were not told about the restraint desk. Defendant Nichols stated that she had spoken with the District's attorney and "they had not done anything wrong." She also stated that Defendant Oberle's father, now recognized as Defendant Malstaff, had constructed the desk.

\* \* \*

100. After the desk was constructed, it was brought into Kingsford Heights Elementary School. The restraint desk could not have been brought into the school nor used without the knowledge of Defendant Alexander, whose office was located mere feet away from the Life Skills classroom.

* * *

131. The LaPorte Community School District, the Cooperative, Defendant Nichols, Defendant Jeffers, and Defendant Alexander all served in supervisory roles with respect to those individuals responsible for the delivery of education to the Plaintiff.

Ms. Nichols, Ms. Jeffers, and Ms. Alexander can't be held liable under the doctrine of *respondeat superior* for conduct of a subordinate that violates a plaintiff's constitutional rights. *See* Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009). "Supervisory liability will be found, however, if the supervisor, with knowledge of the subordinate's conduct, approves of the conduct and the basis for it." Chavez v. Illinois State Police, 251 F.3d 612, 651 (7th Cir. 2001) (quoting Lanigan v. Village of E. Hazel Crest, Ill., 110 F.3d 467, 477 (7th Cir. 1997)). "[T]o be liable for the conduct of subordinates, a supervisor must be personally involved in that conduct." Id.. "[S]upervisors who are merely negligent in failing to detect and prevent subordinates' misconduct are not liable. ... The supervisors must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see. They must in other words act either knowingly or with deliberate, reckless indifference." Jones v. City of Chicago, 856 F.2d 985, 992–93 (7th Cir.1988) (citations omitted).

Whether Ms. Nichols, Ms. Jeffers, and Ms. Alexander personally hired, supervised, and trained Ms. Oberle and her assistants isn't clear from the complaint. If they did, the complaint doesn't indicate how they would have known that Ms. Oberle and her assistants were using a restraint chair to confine K.C., or how they facilitated, approved, or condoned that conduct. The plaintiffs contend that Ms. Nichols, Ms. Jeffers, and Ms. Alexander had actual knowledge that the restraint chair was being used by virtue of their participation in the September 29, 2017 meeting; that Ms. Jeffers and Ms. Alexander "approved" the use of the chair; and that "the administration of the school … permitt[ed] the chair to be brought in to the classroom and used." These conclusory allegations, without more, aren't sufficient "to raise the plaintiff's supervisory liability claim[s] above the speculative level." Hoskin v. City of Milwaukee, 994 F.Supp.2d 972, 983-984 (N.D. Wis. 2014). The September 29 meeting took place after the alleged constitutional violations alleged in the complaint occurred, and doesn't support an inference that the defendants had knowledge of the events in question when they actually occurred, or took any action to facilitate, approve, condone or turn a blind eye to the use of a restraint chair. So too, the proximity of Ms. Alexander's office to Ms. Oberle's classroom, without more, doesn't tend to show that she knew about the chair or how Ms. Oberle and her assistants were using it.

6

Other claims remain. "The requirements of [the ADA and Rehabilitation Act] are more or less the same, except that the Rehabilitation Act requires that the program or activity at issue receive Federal financial assistance." <u>Willmon v. Porter County, Indiana</u>, Case No., 2:12-CV-278, 2013 WL 3467198, at * 3 (N.D. Ind. July 10, 2013). Both statutes prohibit a public entity from excluding "qualified individual[s] with a disability" from participating in (or denying them benefits from) the services, programs or activities the entity provides based on such disability. *See* 42 U.S.C. § 12132 and 29 U.S.C. § 794.

K.C. and her parents conclude in their complaint that the LaPorte Community School Corporation and South LaPorte County Special Education Cooperative had a policy or practice of "restraining [K.C.] in a mechanical restraint chair"; that students without disabilities weren't subjected to the same treatment; and that the policy or practice was "intentionally discriminatory" and "taken with deliberate indifference to the strong likelihood that the practices would result in a violation of [K.C.'s] federally protected rights," specifically § 504 of the Rehabilitation Act and the ADA; and that she was denied "the benefits of receiving full and equal access to the public education programs and activities offered within the LaPorte Community School District." (Cmplt. ¶¶139-155). These conclusions might to accurate, but the plaintiffs offer no facts to support the conclusions, so dismissal of the Rehabilitation Act and ADA claims is appropriate.

*See* "Ashcroft v. Iqbal, 556 U.S. at 678; Bell Atl. V. Twombly, 550 U.S. at 555; Strauss v. City of Chicago, 760 F.2d 765, 767 (7th Cir. 1985).

The court GRANTS the defendants' motion for partial dismissal [Doc. No. 12] is GRANTED, and DISMISSES WITHOUT PREJUDICE the federal claims against the individual defendants, LaPorte Community School Corporation, and South LaPorte County Special Education Cooperative.

SO ORDERED.

ENTERED:   September 26, 2019


                                        /s/ Robert L. Miller, Jr.
                                  Judge, United States District Court